tive, impairs the obligation of contracts, where there is a minority not consenting to the discharge." This may be the case, and candor obliges me to say I entertain doubt on the subject; yet it does not affect the argument. As a bankrupt law is intended, like all other laws, for the collection of debts, for the benefit of creditors; and as, in this case, they have to act together for the benefit of all; and some three-fourths or four-fifths are to consent to a discharge, which is still for their benefit, has any one creditor a right to complain of a mere technical disregard to his contract? The proceeding is, in truth and fact, for his benefit; a given majority must consent, and it must fully appear, that the bankrupt has acted honestly. The constitution was intended to establish principles, not technicalities; and where the substance was taken care of, it might well disregard the shadow. But if it be a violation of contract it can be only to the extent known to a system of bankruptcy, which is merely technical, and cannot be made, by any just interpretation, to extend to a substantial violation, and entire abrogation of the contract, to the ruin of all the just hopes and expectations of the creditor.

It has been said, "that all the power in regard to bankruptcies is given to congress with only one exception; that of uniformity—and that we are not at liberty to make another exception, that it shall not violate contracts." It is admitted that the power is given with only the one exception, but still it is only the power to pass a uniform bankrupt law. What constitutes a bankrupt or bankruptcies is the question we are considering. If a bankrupt law, within the meaning of the constitution, does not substantially violate contracts, then the power to violate contracts, is not given. It is not an exception, or thing taken out of the grant—but never was included in it. This, however, is an exceedingly technical interpretation, is unworthy of the subject, and can never be applied to a constitution, which can only embrace principles. We must look at the spirit of the instrument, and the intention of its authors. It has also been said, "that as congress had authority to pass bankrupt laws and violate contracts, every person who made a contract must have made it with an eye to this power in congress, and the act, when passed, cannot therefore be considered retrospective." Now, the doctrine of the supreme court on that subject, as already shown, is that a law in existence when a contract is made, becomes part of that contract. But how a power not exercised, or a law not in existence at the time a contract is made, can become part of that contract, is beyond my comprehension. But it is also a begging of the question. The question is, whether congress has power, under color of a bankrupt law, to violate contracts. The gentlemen assume that congress has the power, (the matter in dispute,) and then say every

one who contracts must be presumed to contract with an eye to that power. It is further said, "that the convention in New York, which ratified the constitution for that state, proposed an amendment limiting bankrupt laws to traders, and that it was not adopted." This not only proves the convention in New York believed the system ought to be limited to traders, but that there was doubt whether it was so limited, and should be placed beyond doubt. That it was not adopted by the necessary number of states, three-fourths, only proves that they did not think there was any doubt, or that it should be left as it was, whatever it might be. If they had adopted the amendment proposed, it would have been taken as an admission that the English system had not been adopted by the constitution; which, I presume, they would neither have admitted then, nor would they do so now.

I have deemed it necessary to a correct understanding of the subject, to examine generally the doctrine in regard to bankruptcies, but intend to confine the opinion to the case now before us. The court regrets exceedingly that an imperious sense of duty compels it to declare that the act of congress so far as it undertakes to discharge a debtor from debts contracted before the passage of the act, without payment, and to discharge his future acquisitions of property from liability to those debts, without the consent of a given majority of his creditors, in unconstitutional.

KLEIN (BRADSHAW v.). See Case No. 1,-790.

KLEIN (HAMMER v.). See Case No. 5,998.

## Case No. 7,867.

### KLEIN v. KLOMAN.

[See Case No. 7,868.]

KLEIN (KONOLD v.). See Case No. 7,925.

KLEIN (McLEAN v.). See Case No. 8,884.

## Case No. 7,868.

### KLEIN v. PARK et al.

[3 Ban. & A. 145;[1] 13 O. G. 5.]

Circuit Court, W. D. Pennsylvania. Nov. 23, 1877.

#### PATENTS—NOVELTY.

1. The patentee's invention consisted in supplying dies of novel construction and form, and so adapted to forming the eyes of picks by a new method, and in combining with the old steps, in forming the eyes of picks, a new element, viz.: the drawing them down on a mandrel between rolling dies which completely encompass the walls of the eye, this process resulting in the elonga-

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]